José Villanueva Bonilla, demandante y apelante, v. José
Cristóbal Díaz Maldonado, demandado y apelado.

No. 3420.—*Visto:* Enero 23, 1925.—*Resuelto:* Mayo 29, 1925.

Hipotecas — Acción Ordinaria en Cobro de Hipotecas — Partes Demanda-
das—Ejecutivo Hipotecario Nulo en Cuanto a Varios Condueños.—De-
clarado nulo un procedimiento ejecutivo hipotecario a instancia de y en
cuanto a ciertos condueños de la finca hipotecada, el acreedor hipotecario
puede entablar acción ordinaria en cobro del crédito e incluir como deman-
dados a los otros condueños.

Sentencia de *Enrique Lloreda,* J. (Arecibo), declarando sin lugar
la demanda, con costas. *Revocada y devuelto el caso.*

*A. Suliveres* y *R. Agrait Aldea,* abogados del apelante; *José Tous
Soto,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tri-
bunal.

Tres de varios herederos obtuvieron sentencia final a
su favor en la cual se declaró nulo un procedimiento hipo-
tecario, toda vez que en dicho procedimiento sólo fué citado
el viudo y ninguno de los herederos. Estos últimos tenían.
derecho a una notificación debido al fallecimiento de su ma-
dre, la consiguiente disolución de la sociedad conyugal y de-
volución a los herederos de su debida participación en los
bienes conyugales. *Cortés* v. *Díaz,* 31 D.P.R. 454. En esa
decisión dijimos que el procedimiento hipotecario era nulo
e ineficaz en tanto afectaba al derecho de los demandantes
en la acción que entonces pendía ante nuestra consideración.
La cuestión que se presenta es si el procedimiento hipote-
cario no era enteramente nulo e inexistente. No estábamos
por supuesto, considerando en dicho caso de *Cortés* v. *Díaz,
supra,* ni consideramos, los derechos de terceros por virtud
de la Ley Hipotecaria.

En la supuesta venta en ejecución la, acreedora doña
Juana de Dios Sofía Reventós compró la propiedad. Ella
vendió ésta, o parte de la misma, al causante de la deman-
dante en esta acción, José Villanueva Bonilla. Como con-
secuencia de los procedimientos de nulidad antes referidos,

Villanueva demandó a la Sra. Reventós. El pleito terminó con una transacción por virtud de la cual la Sra. Reventós cedió el crédito hipotecario a Bonilla. Este último estableció demanda cuyo fin último era cobrar el crédito hipotecario. El hizo partes demandadas a todos los anteriores dueños y sus herederos. La corte inferior resolvió que el demandante no había probado una causa de acción.

La corte tuvo razón al resolver que la primera narración de la demanda no determinaba una causa de acción. En ella el demandante se limitó a expresar en una forma más extensa que nosotros, los hechos que dieron lugar a la decisión de esta corte en el caso de *Cortés* v. *Díaz, supra.* La segunda narración, sin embargo, es muy diferente. Expone la acción establecida por Villanueva contra la Sra. Reventós, la transacción de la misma y el traspaso del crédito hipotecario al demandante con todos los derechos de acción que ella pudo haber tenido. La demanda entonces pasa a decir que la hipoteca es aún debida y no satisfecha y que los demandados no la han pagado. La demanda al final contenía entonces lo siguiente:

"1. Que la referida sentencia de esta corte, fecha 13 de marzo de 1920, y por la que se declaró la nulidad de las ventas de dichas fincas otorgadas el 8 de marzo de 1908, la primera por el Márshal del Distrito de Arecibo a nombre de Hermógenes Díaz a favor de Doña Juana de Dios Sofía Reventós, y la segunda por ésta a favor de Cristóbal Díaz, en cuanto afectan al condominio reconocido de los allí demandantes, por fundarse en la falta de jurisdicción del tribunal para decretar dicha subasta y venta judicial, y en no haberse cumplido la ley en el procedimiento de la publicación de los edictos para la total nulidad de tales ventas, por tratarse de contratos enteramente nulos o inexistentes.

"2. Que de no estimarlo así, se sirva declarar la nulidad completa y absoluta de dichas escrituras de ventas, así como la subasta que las originó, y nulas también sus inscripciones en el Registro de la Propiedad y las que posteriormente se hayan derivado de tales contratos nulos, en cuanto no lo estén ya en virtud de la repetida sentencia.

"3. Que se condene a los demandados a pagar al demandante la

referida suma de trece mil ciento veinte y cinco dollars veinte y siete centavos que se resta y adeuda de la repetida hipoteca, sus intereses de mora al doce por ciento anual desde el 13 de marzo de 1920 y un mil dollars más, fijados para costas y gastos.''

Este pleito es esencialmente para ejecutar la hipoteca. El demandante se encontró en una situación embarazosa por el hecho de que la sentencia de esta corte sólo declaraba nula la venta en ejecución de la hipoteca en cuanto a tres de los herederos. Ellos eran los únicos que se encontraban ante la corte. Pudo haberse alegado contra el aquí demandante que el derecho de otros dueños había sido traspasado por la venta en ejecución. Por tanto, el demandante tenía derecho a una declaración de una corte de si su hipoteca era susceptible o no de una ejecución total en lo que respecta a todos los dueños o sus herederos, o sólo contra una parte de ellos. Convenimos con el demandante en que la hipoteca ante nuestra consideración era indivisible—Ley Hipotecaria, artículo 122—y que la venta en ejecución que fué declarada nula en cuanto a algunos de los herederos era nula contra todos los dueños. Por tanto, el demandante tiene derecho a comenzar de nuevo la acción y libre de la duda particular que se presenta. La corte estuvo equivocada al resolver que no había ninguna relación o nexo existente entre el demandante y los demandados. El adquirió todo el derecho que los primitivos dueños del crédito hipotecario tenían contra dichos demandados. La acción no es para hacer la anterior sentencia, como tal, efectiva contra otros demandados; pero, como hemos indicado, éste es un procedimiento en cobro de una hipoteca en el cual el demandante tiene derecho a que todo el crédito hipotecario sea satisfecho en cuanto a dichos herederos. Por tanto, habiendo comparecido y contestado los demandados y no existiendo duda alguna sobre los hechos, la venta en ejecución debe ordenarse en debida forma de acuerdo con la ley. *Se revoca la sentencia y devuelve el caso para ulteriores procedimientos no incompatibles con esta opinión.*